# STARR *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No. 389. Submitted October 23, 1896. — Decided January 4, 1897.

The objection that the warrant of arrest of the plaintiff in error purports to be issued by a "Commissioner U. S. Court, Western District of Arkansas" instead of a "commissioner of the Circuit Court," as required by statute, is without merit.

The ruling in *Hickory* v. *United States,* 160 U. S. 408, and the similar ruling in *Alberty* v. *United States,* 162 U. S. 499, that it is misleading for a court to charge a jury that, from the fact of absconding they may infer the fact of guilt, and that flight is a silent admission by the defendant that he is unable to face the case against him, are reaffirmed, and such an instruction in this case is held to be fatally defective.

THE case is stated in the opinion.

*Mr. A. H. Garland* for plaintiff in error.

*Mr. Solicitor General* for defendants in error.

MR. JUSTICE WHITE delivered the opinion of the court.

On a former trial for the crime of murder, the plaintiff in error was found guilty and sentenced, and the conviction was by this court reversed. *Starr* v. *United States*, 153 U. S. 614. The case is again here, in consequence of a second conviction, to review which a writ of error was sued out.

In the course of the first trial below the accused objected to the admissibility of a certain warrant. The matter was thus stated in the record:

"The COURT. If you want to urge this objection" (*i.e.* absence of a seal), "I want to know the law you refer to. If you hav'nt got any law, say so. The court decides that the paper is competent, unless you deny the signature. What do you say as to the signature?

"MR. CRAVENS (of counsel for defendant). We do not deny that.

"The COURT. Mr. Stenographer, let the record show that the signature to this paper is admitted by counsel for the defendant to be the signature of Stephen Wheeler.

"The COURT (to counsel for defendant). Do you admit his office — that he is United States Commissioner for the Western District of Arkansas?

"MR. CRAVENS (of counsel for defendant). We do not deny he is a United States Commissioner, but we simply make this point: In speaking as such commissioner he must speak with his seal. I am frank enough to state to the court that I am not entirely satisfied about our position myself, but I am under the impression that we are sustained by the law.

"The COURT. Mr. Stenographer, let the record show that it is admitted by the counsel for the defendant that Stephen Wheeler was a United States Commissioner for the Western

District of Arkansas at the time of the issuance of this writ, and is now such commissioner, and the signature to this writ is his signature, but that defendant denies the authenticity of the writ because the commissioner's seal is not on it.

"MR. CRAVENS (of counsel for defendant). Yes, sir; that is the point we make on it, and it being admitted by the court we save an exception to its admission."

It was therefore apparent that the objection addressed itself solely to the want of a seal, and not only did not question the capacity of the officer by whom the warrant purported to be issued, but on the contrary expressly admitted it. Notwithstanding this fact when the case was previously here it was contended in argument that the court below erred in admitting the warrant, not only because it was without a seal, but because the officer by whom it was issued was without capacity to have done so. The question of the want of a seal was held to be untenable, but the frivolous attempt to predicate error because of the want of the capacity of the officer when such authority was admitted on the face of the record, was deemed unworthy of notice, and was therefore ignored. On the second trial the admission of the warrant was again objected to as follows:

"MR. W. H. H. CLAYTON (of counsel for defendant). The ground of objection is, if your honor please, of course we make no objection to the fact that it has no seal, but we object to it because it does not purport to be issued by any officer authorized to issue a warrant of arrest. The warrant is signed 'Stephen Wheeler, Commissioner U. S. Court, Western District of Arkansas.' The statute of the United States on this subject gives a name to the commissioner who has a right to issue such warrant, and that name is 'commissioner of the Circuit Court,' and the statute says he shall be called by that name. Now, this writ is issued, not by a commissioner of the Circuit Court, but by a Commissioner of the U. S. Court, Western District of Arkansas. We say there is no such officer as that who is authorized to issue such a writ. There are commissioners appointed by the District Court who have no authority to issue writs, and commissioners of the Court of Claims have no such right. The commissioner who has the right to

issue such a writ is designated by the statute as 'commissioner of the Circuit Court,' and the statute says that he shall be designated and called by that name. We submit that the writ is not in due form."

The overruling of this objection is assigned for error.

Passing consideration of the question whether the objections taken to the admissibility of the warrant on the second trial are not concluded by the decision on the previous writ of error, they are manifestly without merit.

The fact that the officer who issued the warrant affixed to his signature the words "Commissioner United States Court, Western District of Arkansas," did not affirmatively imply that he was not a commissioner of the Circuit Court of the United States for the Western District of Arkansas. It is true that section 627 of the Revised Statutes, reënacting the provisions of early statutes, provides that "each Circuit Court may appoint, in different parts of the district for which it is held, so many discreet persons as it may deem necessary, who shall be called 'commissioners of the Circuit Courts,' and shall exercise the powers which are or may be expressly conferred by law upon commissioners of Circuit Courts." But it is well known that the term "United States Commissioner" is generally understood to mean a commissioner acting under the authority of section 627 of the Revised Statutes, and that the mere fact that a person signs himself as Commissioner, United States Court, does not imply that he is not a commissioner possessed of the authority conferred by the section just alluded to. The statute law itself contains instances where such commissioners are described in other than the express language of the section of the law which authorizes their appointment. Thus, in the act of June 1, 1872, c. 255, § 14, 17 Stat. 196, 198, now sections 1042 and 5296 of the Revised Statutes, a poor convict seeking his discharge is authorized to make application in writing "to any Commissioner of the United States Court in the district where he is imprisoned."

The recital in the body of the warrant that the commissioner was "appointed by the United States District Court" did not imply that he was not a commissioner of the Circuit Court.

The District Court for the Western District of Arkansas was vested with the Circuit Court power. Rev. Stat. 571. Whilst by the act of February 6, 1889, c. 113, 25 Stat. 655, a Circuit Court was established for the Western District of Arkansas, it does not follow that the commissioners who were originally appointed by the District Court, and who after the creation of the Circuit Court continued to be such by the approval of the court, were not commissioners thereof because primarily appointed by the District Court. Clearly the appointment of such officers being valid at the time they were made they were in any view, if thereafter continued by the Circuit Court, *de facto* in the discharge of their duties even if their continuance was not evidenced by express reappointment. *McDowell* v. *United States*, 159 U. S. 596.

These views dispose also of the objection to the admissibility of the affidavit taken before the commissioner, as it is substantially predicated on grounds identical in reason with those made to the warrant.

All but one of the remaining assignments of error virtually depend upon or are connected with the question of the admissibility of the warrant and affidavit, and we deem it unnecessary to consider them, as they will not be likely to arise on the new trial, which the result of our consideration of another assignment of error makes it necessary to grant.

The instruction given by the trial judge to the jury upon the inferences to be drawn by them from flight was specifically objected to, and the objection was duly reserved. The instruction covered by this exception is as follows:

" The law says that a man is to be judged by his consciousness of the right or wrong of what he does, to some extent. If he flees from justice because of that act, if he goes to a distant country and is living under an assumed name because of that fact, the law says that is not in harmony with what innocent men do, and jurors have a right to consider it as an evidence of guilt, because he is an eyewitness to the occurrence; he knows how it did transpire; he is presumed to have a consciousness of that act, and therefore because he does abscond, because he does further become a fugitive from justice, because

he goes to a distant State and is living under an assumed name, living so as to conceal himself, the law says you have a right to take that fact into consideration as one from which you may infer guilt, a presumption of fact, the law says, that is proper for the jury to take into account in passing upon the defendant's own conception of the act done by him.

". . . It is impossible to deny that, logically as well as juridically, flight is always relevant evidence when offered by the prosecution, and that it is a silent admission by the defendant that he is unwilling or unable to face the case against him. It is, in some sense feeble or strong, as the case may be, a confession, and it comes in with other incidents, the *corpus delicti* being proved, from which guilt may be cumulatively inferred."

The law on the subject of the weight to be given to the evidence of the flight of the accused thus stated by the trial court to the jury for their guidance is not only substantially similar but, indeed, is identical with instructions heretofore held by this court to be fatally defective. *Alberty* v. *United States*, 162 U. S. 501, 502 ; *Hickory* v. *United States*, 160 U. S. 408. It therefore differed from the language held not to contain reversible error in *Allen* v. *United States*, 164 U. S. 492. The error committed by the court doubtless resulted from the fact that the case was tried before the ruling in either the *Hickory* or *Alberty* case was announced.

*Judgment reversed, and case remanded with directions to grant a new trial.*