[No. 1435.   December 19, 1911.]

TERRITORY OF NEW MEXICO, Appellee, v. JOSE REFUGIO LUCERO, Appellant.

### SYLLABUS.

1.   Flight does not raise a presumption of guilt.

Appeal from the District Court for Taos County, before JOHN R. McFIE, Associate Justice.   Reversed.

A. B. RENEHAN for Appellant.

Change of venue.   Territory v. Kelly, 2 N. M. 301; Rafferty v. People, 72 Ill. 37; Territory v. Kinney, 3 N. M. 143; Territory v. Lopez, 3 N. M. 156; Territory v. Taylor, 11 N. M. 588; Freleigh v. State, 8 Mo. 436; Johnson v. Com., 82 Ky. 116; 12 Cyc. 243.

Refusal to grant continuance was error.   Terr. v. McFarlane, 7 N. M. 421; Money's Dig. 39; Territory v. Watson, 12 N. M. 419; Kinney v. Territory, 3 N. M. 656; Bowlin v. Com., 22 S. W. 543; Harrington v. State, 21 S. W. 356; Casey v. State, 102 S. W. 725; Tull v. State, 55 S. W. 61; Thompson v. State, 78 S. W. 691; Stegor v. State, 105 S. W. 789; Territory v. Leary, 8 N. M. 186; Territory v. Emilio, 14 N. M. 153.

Flight does not create a presumption of guilt. Starr v. U. S., 164 U. S. 627; Alberty v. U. S., 162 U. S. 499; Hickory v. U. S., 160 U. S. 408; U. S. v. Green, 146 Fed. 803; State vs. Poe, 123 Ia. 118; People v. Wong Ah Ngow, 54 Cal. 151; State v. Arthur, 23 Ia. 430; 22 A. & E. Enc. L. 1265; 12 Cyc. 395; Sheffield v. State, 43 Tex. 378.

Instruction as to voluntary manslaughter. Maher v. People, 10 Mich. 212; Seals v. State, 3 Baxt. 466; 21 A. E. Enc. L. 179; Lister v. State, 3 Tex. App. 17; 12 Cyc. 612; Milton v. State, 6. Nebr. 136; Elliston v. State, 10 Tex. App. 361; Ainsworth v. State, 11 Tex. App. 339; Young v. State, 11 Humph. 200; State v. Adams, 78 Ia. 292; Stevenson v. U. S., 162 U. S. 980.

Doubt. Biberry v. State, 133 Ind. 677; People v. Johnson, 140 N. Y. 350; Robinson v. State, 106 Pac. 24; State v. Raby, 61 Ia. 86; State v. Taylor, 57 W. Va. 228; Fife v. Com., 29 Pa. St. 429.

Proof of cause of death. Waller v. People, 209 Ill., 287; 21 Cyc. 999.

FRANK W. CLANCY, Attorney General, for Appellee.

Instruction concerning flight being a presumption of guilt was not prejudicial to defendant. State v. Milligan, 170 Mo. 215; State v. Hartman, 196 Mo. 110; State v. Seymour, 94 Ia. 699; Hickory v. U. S., 160 U. S. 421; Alberty v. U. S. 162 U. S. 508; Starr v. U. S., 164 U. S. 631; State v. Arthur, 23 Iowa 431; State v. Williams, 54 Mo. 170; State v. Brookes, 92 Mo. 542; State v. Jackson, 95 Mo. 623; State v. Walter, 98 Mo. 95; State v. Potter, 108 Mo. 424; State v. Arthur, 23 Iowa 431.

Instruction as to voluntary manslaughter. Territory v. Fewel, 5 N. M. 34.

Doubt. Robinson v. State, 106 Pac. 27; State v. Ruby, 61 Iowa 88; State v. Taylor, 57 W. Va. 239; Fife v. Comm., 29 Pa. 438; Nevling v. Comm., 98 Pa. 334; Willis v. State, 43 Neb. 102; Barney v. State, 49 Neb.

516; Davis v. State, 51 Neb. 349; Bartley v. State, 53 Neb. 312.

Evidence as to cause of death. Waller v. People, 209 Ill. 288.

## OPINION OF THE COURT.

ROBERTS, A. J.—The appellant, Jose Refugio Lucero, was convicted in the District Court of Taos county, of murder in the second degree and was sentenced to serve a term of not less than twenty-five nor more than thirty years in the New Mexico Penitentiary. Appeal was prayed and granted to this court. Seven grounds of error have been urged by the appellant, but as we are compelled to reverse the case, because of an erroneous instruction given the jury by the lower court, we shall discuss only the questions essential to the consideration of the erroneous instruction. By instruction sixteen the court charged the jury as follows: "You are instructed that flight raises the presumption of guilt, and if the jury believe and find from the evidence that after the shooting of the deceased by the defendant, if you find that he did shoot him, that the defendant fled from the territory and tried to avoid arrest, then the jury may take this fact into consideration in determining his guilt or innocence; that is, if you believe that at the time he knew that he had shot and killed the deceased, if you find that he did so shoot and kill him." The objection urged against this instruction is, that flight does not raise a presumption of guilt, and by the instruction the jury may have reasonably understood that they could convict on proof of flight alone, on the part of the defendant. The fact that the defendant fled from the vicinity where the crime was committed, having knowledge that he was likely to be arrested for the crime, or charged with its commission, or suspected of guilt in connection therewith, may be shown as a circumstance tending to indicate guilt, and may be considered by the jury, with other circumstances tending to connect the defendant with the commission of the crime, to authorize the inference of the guilt of defendant, the corpus delicti being proven. There is general assent

to this proposition among the authorities, and it is well settled that evidence of flight is admissible.   1 Bishop's New Criminal Proc., sec. 1250; Abbott's Trial Brief 458. There is a broad distinction, however, between an "inference" and a "presumption," and this distinction is clearly pointed out in the case of Cogdell v. Wilmington & W. R. Co., 132 N. C: 852, 44 S. E. 618; where the court says: "An inference is nothing more than a permissible deduction from the evidence, while a presumption is compulsory and cannot be disregarded by the jury." The only cases which we have been able to find approving instruc- tions to the jury that flight raises the presumption of guilt are those in Missouri.   Such an instruction is sanc- tioned by the following among many cases in that state: State v. Walker, (Mo.) 9 S. W. 646; State v. McFoo, 100 Mo. 7, 19 S. W. 222; State v. Hunt, 141 Mo. 626, 43 S. W. 389.   The Supreme Court of Iowa, in the case of State v. Poe, 123 Iowa 118, 98 N. W. 587, in a well con- sidered case in which all the authorities are reviewed, in speaking of the Missouri rule says: "The rule in Missouri seems to be peculiar and we are not inclined to follow it."   In the case of State v. Poe, supra, the lower court gave to the jury this instruction: "It is claimed by the state that defendants Decker and Poe at once fled, and endeavored to escape arrest by such flight.   If you find said defendants at once after the alleged offense fled to Missouri, and endeavored to avoid arrest and prosecution by such flight, such fact would be presumptive evidence of guilt; and if such fact is unexplained, the jury would be justified in considering such flight as evidence of guilt." In speaking of this instruction the court says: "On princi- ple and authority, the instruction as to the presumption to be drawn from proof of flight is erroneous, and should not be sustained, unless it is so far sanctioned in the cases in our own state that we are precluded from following the dictates of reason as illustrated by the weight of author- ity."   After reviewing the various decisions of the Iowa court the instruction was disapproved and the cause re- versed.   In Hickory v. United States, 160 U. S. 408, the subject is fully considered and an instruction is condemned

which is characterized as "tantamount to saying to the jury that flight created a legal presumption of guilt so strong and so conclusive that it was the duty of the jury to act on it as an axiomatic truth," and the court continues as follows: "In this subject, also, it is true, the charge thus given was apparently afterwards qualified by the statement that the jury had a right to take the fact of flight into consideration, but these words did not correct the illegal charge already given. Indeed, taking the instruction that flight created a legal presumption of guilt, with the qualifying words subsequently used, they were both equivalent to saying to the jury that they were, in considering the facts, to give them the weight which, as a matter of law, the court declared they were entitled to have; that is, as creating a legal presumption so well settled as to amount, virtually, to a conclusive proof of guilt." In Alberty v. United States, 162 U. S. 499, the court approves what was said in the case from which we have just quoted and with reference to a similar charge says: "The criticism to be made on this charge is that it lays too much stress upon the fact of flight, and allows the jury to infer that this fact alone is sufficient to create a presumption of guilt. It certainly would not be contended as a universal rule, that the fact that a person who chances to be present on the scene of murder, shortly thereafter left the city, would, in the absence of other testimony, be sufficient in itself to justify his conviction of the murder." See, also, Starr v. United States, 164 U. S. 627. It follows that the court erred in giving the instruction above referred to, and a new trial must be ordered. This cause is therefore reversed.