Shohl, P. J.
Plaintiff in error was found guilty of murder in the first degree upon an indictment of the grand jury of Hamilton county, Ohio, charging him with the killing of William Thie in the city of Cincinnati.
The evidence shows that the defendant, with several others, pursuant to a plan to rob Thie, went to his house, and, in the course of their robbery, shot and killed him.
An important item of evidence was the confession of the accused. He, with several others, had *363 been arrested and brought to the Cincinnati police headquarters. There a statement was made by another of the joint principals in the presence of all of them. It was taken down in shorthand, transcribed, and read over to them. Each of them then stated that it was true, and each of them signed every page of it and also signed it at the end. It recites in detail the commission of the crime. Counsel for the defendant objected to the admissibility of this evidence. While the objection and exception do not show specifically that it was on the ground that the confession was not voluntary, we shall treat the situation as if a sufficient exception had been taken.
At the conclusion of the charge of the court, counsel requested the court to charge the jury that they were not entitled to consider any of the confessions that defendant signed, unless the same were given without any threats, or without any force or promises. The court declined to charge further than he had already done.
When the confession of a person accused of crime is offered in evidence against him, it is admissible in evidence only if the statement was¡ voluntarily made. Spears v. State, 2 Ohio St., 583.
The question of the admissibility of a confession is a matter of law for the court. Lefevre v. State, 50 Ohio St., 584.
If evidence was offered to determine whether or not the confession is voluntary, the court may, if the evidence is conflicting, submit the preliminary proof to the jury under instructions to disregard the evidence, if satisfied that the confessions were involuntary. Burdge v. State of Ohio, 53 Ohio St., 512.
*364 He may, however, conduct the preliminary inquiry in the presence and hearing of the jury, or not, in his discretion. While there is some author-1 ity to sustain the contention that where the evi-l dence is conflicting the court is required to submit the question of fact to the jury, the better considered cases hold that the court alone must determine the admissibility of evidence, whether that determination involves issues of law or fact. (1 Wigmore on Evidence, Section 861.) The subject is fully discussed in the note in 18 L. R. A., N. S., 777 et seq., and 50 L. R. A., N. S., 1077 et seq.
A confession is either admissible or inadmissible and it is the function of the court to determine what evidence is to be submitted to the jury. After a confession has been declared admissible, it is before the jury for consideration. The jury have no authority to reject it as incompetent. The jury, however, are the sole judges of the truth and of the' weight to be given to a confession, as they are of any other fact. In- weighing confessions a jury take into consideration all the circumstances surrounding them and under which they were made. They thus necessarily consider those facts upon which their admissibility, as having been volun-' tary, depends. While there is no power in the jury to reject confessions as being incompetent, the court has no power to control the jury in the weight to be given to facts. The jury may, therefore, within their proper province, determine that the confessions are untrue, or not entitled to any weight, for any reason, including the reason that they were not voluntarily made. This is to deter *365 mine their weight. It follows that although the jury may come to the conclusion that the confessions were not voluntary, yet, if, from extrinsic evidence, or from their character and circumstances, the jury are satisfied that they are true, the jury should act upon them. See 2 Chamberlayne Modern Law of Evidence, Section 1589.
It will not be profitable to set forth here the cases which are collected in the foregoing authorities. The defendant was not entitled to the charge requested and the refusal of the court was proper.
At the close of the general charge, the defendant requested the court to charge that the testimony, statements or evidence of any who claimed to be accomplices of the defendant should be viewed by the jury with suspicion. The court stated that he had so charged. This statement, made in the presence of the jury, was an acquiescence in the contention of the defendant, and, in substance, gave him the benefit of the requested instruction. But there is a further reason why the defendant was not prejudiced. Aside from the question as to whether or not the charge previously given by the court embodied the substance of this request, there is a further reason why the defendant was not entitled to it. There was no testimony, by any accomplices. The point which counsel for the accused had in mind was the confessions which were part of the document signed by the accused. It, therefore, became his confession, by adopting the language used by the others, and was not admitted solely as a statement by some one else. There was no testimony by accomplices and accused was not entitled to a charge upon that subject.
*366 Complaint is made that at one portion of the general charge the court admonished the jury that the testimony of those witnesses clearly shown to have committed perjury in one or more points should be rejected. While this language standing alone might be looked upon as an invasion of the right of the jury to determine the weight and credibility of the witnesses, it is but part of a clear and able exposition of the true rule. It is plain from a reading of the entire charge that the jury were instructed that they were the sole judges .of the weight of the evidence, the credibility of the witnesses, and that they had a right to believe any part or parts in the statement of any witness or witnesses.
Exception was taken to the statement by the court that flight of a person immediately after a crime has been committed, with which he is charged, is a circumstance which the jury should consider. The evidence showed that after the commission of the homicide the murderers fled from the scene. While flight raises no presumption of guilt, it is a circumstance which the jury may consider in connection with other facts in evidence. Hickory v. United States, 160 U. S., 408; Alberty v. United States, 162 U. S., 499; Starr v. United States, 164 U. S., 627; Territory of New Mexico v. Lucero, 16 N. M., 652, and note to same, 39 L. R. A., N. S., 58.
The judgment will be affirmed.

Judgment affirmed.

Hamilton and Cushing, JJ., concur.