### CANNON et al. v. UNITED STATES.
### No. 9631.

Circuit Court of Appeals, Eighth Circuit.
June 20, 1933.

STONE, Circuit Judge, dissenting in part.

---

F. T. Cuthbert, of Devils Lake, N. D. (Tom Kirby, of Sioux Falls, S. D., on the brief), for appellants.

E. D. Barron, Asst. U. S. Atty, of Sioux Falls, S. D. (Olaf Eidem, U. S. Atty., of Sioux Falls, S. D., and Byron S. Payne, Asst. U. S. Atty., of Pierre, S. D., on the brief), for the United States.

Before STONE and WOODROUGH, Circuit Judges, and MUNGER, District Judge.

WOODROUGH, Circuit Judge.

Two defendants appeal from conviction for illegal possession and transportation of intoxicating liquor.

There is testimony tending to show that one Boyington, a prohibition officer, was advised by an informer, whom he had found to be reliable and whom he believed and relied upon, that the defendant Cannon, personally well known to the officer as "Happy" Cannon, would make a delivery of liquor at a certain residence in Sioux Falls at about half past 8 o'clock in the evening in a new Ford coupé, South Dakota license A1–5977. Accordingly Boyington and other officers lay in wait about the place specified. Later the informer came to the vicinity and told one of the officers that "Cannon would be late in making said delivery owing to the fact that his car had been repaired, but that he would be there and for them to wait as he would sure come with the liquor." Thereafter, at about 11 o'clock of the dark rainy night, a new Ford coupé bearing the license number referred to drove up to the street curb near the residence to which the delivery of liquor was to be made, according to the information received by the officers. The officers in the government car drove toward the Ford coupé, and were apparently observed by the occupants, as the Ford was not stopped completely but continued on with the officers in pursuit. The officers soon came close enough so that one of them got on the running board of the Ford and gave command to stop, declaring they were government officers. Instead of complying, the defendants sped away in the Ford, and during the ensuing pursuit they threw bottles of whisky and a carton container out of the window of the Ford. Cannon was convicted as for a second offense; the other as for a first offense.

The defendants petitioned to suppress two full bottles of whisky, some parts of broken bottles, and the carton thrown out of the car window during the flight, on the ground that the officers had secured that evidence by illegal search and seizure, contrary to the Fourth Amendment. They say that, even if the officers picked the incriminating evidence up at the side of the street, the action of the officers, in its entirety, amounted to unlawful search and seizure. Error is assigned upon the court's refusal to suppress the evidence.

There was no error. The officers had good reason to believe, and did believe, that defendants had liquor in their possession which they were transporting to a place where they were about to deliver it, and the officers were therefore obviously in duty bound to approach the scene to stop the crime and seize the offenders and the contraband. Their act, therefore, in moving towards the spot in their car was not wrong in any sense. When the defendants started to flee, the officers properly disclosed their identity, gave the proper command to stop, and then rightful pursuit. It is not to be supposed that the defendants threw the liquor out of the car as a delivery of it to the officers, but in the attempt to destroy it and conceal the liquor and their guilt. Upon these facts there was no violation of the Fourth Amendment. Hester v. United States, 265 U. S. 57, 44 S. Ct. 445, 68 L. Ed. 898.

The only other assignment of error that merits discussion concerns the instruction of the trial judge to the jury on the subject of the defendants' flight. The court instructed the jury as follows: "Reference has been made to the fact of the flight or attempted flight of the defendants. You are advised,

gentlemen, that flight or an effort to avoid arrest is not conclusive proof of guilt. In fact, it may not prove the guilt at all, or any evidence of guilt at all, if properly explained. But proof of an attempt to escape, to flee, to prevent arrest, standing unexplained, may be a circumstance from which a strong presumption of guilt may arise. If you feel that the conduct of the defendant or defendants in this case, from the time that they were apprised of the fact that the men pursuing them were officers, if you find that to be a fact, if you find that they, knowing that, made an effort to escape and avoid arrest, and that fact stands unexplained, it is a circumstance which you have a right to take into consideration, and a circumstance which you are advised by the court tends strongly to the presumption of guilt."

This instruction was plainly erroneous. The defendants in this case did flee from the officers, and could hardly have questioned the fact before the jury, as their own witness swore to it. But, if they had not thrown liquor out of the car during their flight, there would have been no sufficient proof of possession and transportation of liquor. The alleged jettison of the liquor and not the flight was the gist of the inquiry for the jury. This is disregarded in the instruction. The law as to the effect to be given to the fact of flight in criminal cases is well stated in Underhill on Criminal Evidence, p. 285, § 203: "It cannot with correctness be said that the flight or the attempted flight of the accused before his arrest, taken alone, raises a legal presumption of guilt so that an inference of guilt must be drawn therefrom, or that his flight, without regard to the motive which prompted it, is, in law, proof of guilt. At the most it is only one of a series of circumstances to be considered by the jury with the reasons that prompted it, tending to show guilt or by which an inference of guilt may be raised, and it has no probative force unless it satisfactorily appears that the accused fled to avoid arrest or imprisonment for the crime charged. Even then, its force is slight, depending on the efforts made, the means employed, and the motives and knowledge by which the act was accompanied. The departure of the accused may have been prompted by motives consistent with innocence. He may have feared arrest for a crime totally distinct from that for which he is indicted, or he may have apprehended violence at the hands of the police." Hickory v. United States, 160 U. S. 408, 16 S. Ct. 327,

40 L. Ed. 474; Starr v. United States, 164 U. S. 627, 17 S. Ct. 223, 41 L. Ed. 577; Alberty v. United States, 162 U. S. 499, 16 S. Ct. 864, 40 L. Ed. 1051; United States v. Greene (D. C.) 146 F. 803.

The jury could only have inferred from the instruction as given that, whether the jettison of the liquor by the defendants had or had not been sufficiently established, the flight itself tended so strongly to the presumption of guilt that conviction would be justified.

The real importance of the fact of flight in this case was its complete justification of the action of the officers. The error of the court in the instruction that "it (the flight of defendants) was a circumstance tending strongly to the presumption of guilt" (possession and transportation of liquor), was duly excepted to at the time, was not overcome in any of the other instructions, and necessitates reversal for new trial. It is so ordered.

STONE, Circuit Judge (dissenting).

I am compelled to disagree, as I think the charge of the court was neither erroneous nor prejudicial. The criticism of appellants is that the court stated, in that portion of the charge, that flight was a circumstance which tended strongly to the presumption of guilt. What the court said was that flight or an effort to avoid arrest is not conclusive proof of guilt and, in fact, may not be any evidence at all of guilt "if properly explained," but that proof of an attempt to flee and prevent arrest, "standing unexplained, may be a circumstance from which a strong presumption of guilt may arise." Applying this general statement to the case, the court said that, if the jury should find that either of the defendants, from the time they were apprised of the fact that the pursuers were officers, endeavored to escape and avoid arrest, "and that fact stands unexplained, it is a circumstance which you have a right to take into consideration, and a circumstance which you are advised by the court tends strongly to the presumption of guilt." Here was no undue emphasis of the fact of flight nor of the legal effect thereof. The jury were carefully cautioned that flight to avoid arrest was not only not conclusive proof of guilt but might not be any proof thereof, if properly explained.

Again, it is impossible for me to believe there was any possible prejudice from this instruction, even if it were erroneous. This crime was committed in the presence of these

officers who saw it and testified to it in its every detail. They alone testified to the flight from arrest. It is no case of circumstantial evidence aided vitally by proof of flight. As proof of guilt, the flight added very little to the case as made by the government.

I think the judgment should be affirmed.