509 P.2d 272

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Richard PARKER, Defendant-Appellant.**
**No. 1073.**

Court of Appeals of New Mexico.
March 30, 1973.

Ronald M. Higginbotham, Hunker, Fedric & Higginbotham, P. A., Roswell, for defendant-appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of three counts of distribution of a controlled substance contrary to § 54–11–22, N.M.S.A.1953 (1972 Interim Supp.), defendant appeals asserting two points for reversal. First, that the prosecuting attorney and the state's witness "made constant inferences designed specifically to appeal to the racial prejudices of the jurors" which amounted to either fundamental or plain error; and, second, that all the errors in the record constituted cumulative error when considered in the aggregate.

We affirm.

### Inferences as to race

Defendant is a Negro. The transactions complained of occurred between defendant and an undercover agent. Two of the three transactions took place at the home of a female friend of defendant. This woman is "white." She was present throughout the trial and on several occasions was identified by various witnesses as the person at whose home various events, including the two drug transactions took place.

Defendant's appellate counsel asserts that the inferences were deliberately injected to arouse racial prejudices by implying that defendant was having an affair with the woman.

We examine the record. First, at no time did defendant's trial counsel object to any comment. Section 21–2–1(20)(1), N. M.S.A.1953 (Repl.Vol.1970). Second, with one exception, at no time was the woman referred to by race.

"Q. She white or black?

"A. Pardon me?

"Q. Is she white or black?

"A. She is white."

Third, with the exception of the one comment, the remaining comments called to our attention serve some legitimate evidentiary purpose (identification) independent of the possibility that the comments might draw attention to the fact that defendant and the woman were of different races. The comments were facts of the case:

"There was a female subject in the house, and another male colored subject, also.

". . .

"It is the lady seated on the second row. (Indicating)."

While we do not condone the questions which asked that the woman be identified as "white or black", we cannot say as a matter of law that the exchange constituted fundamental error; nor can we hold, as a matter of law, that the non-racial comments constituted fundamental error. As we stated in State v. Torres, 78 N.M. 597, 435 P.2d 216 (Ct.App.1967):

"The doctrine of fundamental error is resorted to in criminal cases only if the innocence of the defendant appears indisputable, or if the question of his guilt is so doubtful that it would shock the conscience to permit his conviction to stand. . . . If there is a total absence of evidence to support a conviction, as well as evidence of an exculpatory nature, then an appellate court has the duty to see that substantial justice is done and to set aside the conviction. . . ."

**82**

See also State v. Sandoval, 83 N.M. 599, 495 P.2d 379 (Ct.App.1972).

We have reviewed the record and find no indisputable evidence of defendant's innocence, nor is his guilt so doubtful that an affirmance would shock the conscience. Also, under this point defendant urges us to adopt the federal standard of review regarding "plain error." Under this doctrine the federal appellate courts notice "[p]lain errors or defects affecting substantial rights . . ." even though ". . . they were not brought to the attention of the court." Fed.R.Crim.P. 52(b). The answer to this argument is twofold: First, the federal practice is based on a federal procedural rule which has no counterpart in New Mexico. State v. Lopez, 84 N.M. 402, 503 P.2d 1180 (Ct.App.1972). Second, even under such a standard the single racial reference present in this record does not require a reversal.

*Cumulative Error*

Lastly, defendant contends that when taken together, all the alleged errors constitute cumulative error when considered in the aggregate. The "alleged errors," according to defendant are "references, inferences and statements" to the effect that defendant was living with a white woman, ". . . together with additional references to Negro parties as 'colored' . . . ." The doctrine of cumulative error is recognized in New Mexico. State v. Valdez, 83 N.M. 632, 495 P.2d 1079 (Ct. App.1972). Even assuming defendant's right to argue the existence of cumulative error (having failed to object to any individual error alleged) we have held that the exchanges alleged to be objectionable, were not so as a matter of law. There were no errors to cumulate.

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.