537 P.2d 1006 (1975)
88 N.M. 107
STATE of New Mexico, Plaintiff-Appellee,
v.
Clifford JONES, Defendant-Appellant.
No. 1777.
Court of Appeals of New Mexico.
June 18, 1975.
Certiorari Denied July 16, 1975.
*1007 Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Sarah M. Singleton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.
Toney Anaya, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

*1008 OPINION

HENDLEY, Judge.
This appeal is concerned with the propriety of instructing the jury with regard to the following presumption:
"B. The requisite knowledge or belief that property has been stolen is presumed in the case of an individual or dealer who:
"(1) is found in possession or control of property stolen from two [2] or more persons on separate occasions * * *" Section 40A-16-11(B), N.M.S.A. 1953 (2d Repl.Vol. 6, 1972).
Defendant was convicted of receiving stolen property contrary to § 40A-16-11, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972). The trial court instructed the jury pursuant to § 40A-16-11(B), supra. Defendant now appeals contending that the giving of the instruction in the manner in which it was given and under the evidence adduced at trial was error. We affirm.
Defendant's two-fold attack on his conviction is based on the trial court's instruction Nos. 11 and 6 which read as follows:
"11. You are further instructed that the requisite knowledge or belief that the property has been stolen is presumed in the case of an individual who is found in possession or control of property stolen from two or more persons on separate occasions."
"6. * * *
"A presumption is a conclusion which the law requires the jury to make from particular facts, in the absence of convincing evidence to the contrary. A presumption continues in effect until overcome or outweighed by evidence to the contrary; but unless so outweighed the jury is bound to find in accordance with the presumption."
Defendant's initial attack on these instructions is that they fail to comply with Rule of Evidence 303, § 20-4-303, N.M.S.A. 1953 (Repl.Vol. 4, 1970, Supp. 1973), and that such failure is violative of his constitutional right to due process of law. Defendant, for purposes of this portion of his argument, makes no contention that the presumption itself is unconstitutional. He argues only that the instructions in the instant case giving mandatory effect to the presumption violates R.Evid. 303(c), supra, which directs the trial court to instruct the jury that it may, but is not required, to find the presumed fact if it finds the existence of the basic facts. Thus, this portion of defendant's argument is essentially directed at instruction No. 6. It is further submitted that R.Evid. 303(c), supra, is a codification of the United States Supreme Court's edict against mandatory presumptions in criminal cases. See Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350 (1945).
The instant instructions clearly violate R.Evid. 303(c), supra. R.Evid. 303(c), supra, specifically mandates an instruction that the jury is not required to find the presumed fact simply because there is sufficient evidence of the basic facts. The state argues that instruction No. 6 substantially complied with this mandate in that it told the jury that the presumption could be overcome by evidence to the contrary. The point, however, of R. Evid. 303(c), supra, is that even if there is no evidence to the contrary, the jury should be instructed that it is not bound to find in accordance with the presumption. See Committee Commentary to R.Evid. 303(b) and (c), supra. R.Evid. 303(c), supra, incorporates the constitutional requirement that presumptions not be conclusive in criminal cases even if unrebutted. See Bollenbach v. United States, supra; United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); Bray v. United States, 113 U.S.App.D.C. 136, 306 F.2d 743 (1962).
In the case at bar, instruction No. 11 told the jury that knowledge is presumed from a certain kind of possession. Instruction No. 6 told the jury that a presumption is a conclusion required to be made unless rebutted, and further that the *1009 jury was bound by the conclusion unless and until evidence to the contrary outweighed it. These instructions were in direct conflict with Rule 303(c), supra. However, defendant did not object to instruction No. 6. Neither did his objection to instruction No. 11 alert the trial court to the vice of instruction No. 6. See infra. Defendant has waived the error. R.Cr.P. 41, § 41-23-41, N.M.S.A. 1953 (2d Repl.Vol. 6, 1972 Supp. 1973).
The second prong of defendant's argument is directed solely at instruction No. 11. Defendant's objection to this instruction at trial was that "* * * it is not a proper statement of the law and is not supported by the evidence before the jury." On appeal defendant contends only that since the evidence did not demonstrate that the defendant possessed both items of property simultaneously, the instructions were unsupported by the evidence. Defendant contends that instructions pursuant to § 40A-16-11(B), supra, may only be given when the evidence shows simultaneous possession of property stolen from two or more persons on separate occasions.
Defendant is incorrect in this assertion. We first note, however, that the record supports defendant's contention that the evidence did not show simultaneous possession. Police officers recovered a stolen television set from the defendant's possession in late February of 1974. The set must have been stolen shortly before that time although the owner testified that the theft occurred in March or April. In early March, the police obtained information that the defendant had possessed guns stolen in December of 1973, but had already disposed of them. There is no evidence as to when defendant possessed the guns.
It is important to realize that while the legislature (in § 40A-16-11(B), supra), the Supreme Court (in R.Evid. 303, supra), and we (in this opinion thus far) have referred to the rule contained in § 40A-16-11(B), supra, as creating a presumption, it is more appropriately denominated a "standardized inference." See generally McCormick on Evidence, §§ 342-346 (2d Ed. 1972). That is to say that a "true" presumption shifts the burden of proof; if proof of the basic facts are introduced into evidence, the presumed fact is also taken to be proved in the absence of evidence to the contrary. If no evidence to the contrary is forthcoming, the court is compelled to direct a verdict against the party now having the burden of producing such evidence. In other words, a "true" presumption is conclusive on the jury in the absence of evidence to the contrary. Territory v. Lucero, 16 N.M. 652, 120 P. 304 (1911). An inference, on the other hand, is nothing more than a permissible deduction from the evidence. Territory v. Lucero, supra.
The effect of R.Evid. 303(c), supra, is to abolish "true" presumptions in criminal cases. This puts the "presumptions" contained in § 40A-16-11(B), supra, into the category of a mere permissible inference from the evidence provided that the jury is properly instructed under R. Evid. 303(c), supra. This contention is mandated by the constitutional requirements heretofore stated. Thus, the language of § 40A-16-11(B), supra, must be read:
"B. The requisite knowledge or belief that property has been stolen [may be] presumed * * *."
The question, then, with which we must deal on this appeal is whether it is permissible to infer knowledge that property is stolen from proof of two separate instances of possession of property stolen from two or more persons on different occasions.
It is settled law that evidence of a defendant's prior possession of other stolen property is admissible to establish the knowledge of a defendant that the property was stolen. State v. Sero, 82 N.M. 17, 474 P.2d 503 (Ct.App. 1970). The evidence is admissible because it is permissible to infer knowledge from proof of more than one instance of stolen property. See State v. *1010 Lindsey, 81 N.M. 173, 464 P.2d 903 (Ct. App. 1969). The reason for this admissibility is that there is a rational connection between the facts proved and the ultimate fact inferred. Barnes v. United States, supra. The possession need not be simultaneous possession but the time span between the non-simultaneous possessions must be reasonable. What is reasonable must be decided on a case by case basis. Under the facts of the instant case we hold the time span reasonable. There was a rational connection between the facts proved and the ultimate fact inferred.
Yet the jury was not properly instructed in the case at bar. Thus defendant concludes his argument with the assertion that a mandatory presumption that attributes guilty knowledge to one in non-simultaneous possession of property stolen from two individuals on separate occasions is unconstitutional. As stated previously, no objection was made to the mandatory aspect of the instructions. We therefore view defendant's final contention as being unreviewable unless it can be said that the error, if any, is fundamental or jurisdictional. State v. Jaramillo, 85 N.M. 19, 508 P.2d 1316 (Ct.App. 1973). The doctrine of fundamental error is applicable only if the innocence of the defendant appears indisputable or if the question of his guilt is so doubtful that it would shock the conscience to permit his conviction to stand. State v. Parker, 85 N.M. 80, 509 P.2d 272 (Ct.App. 1973). We have reviewed the record and conclude that the instant one is not such a case.
It is true that some constitutional violations may render a court incompetent to convict a defendant. Such jurisdictional errors may be raised for the first time on appeal. State v. Foster, 87 N.M. 155, 530 P.2d 949 (Ct.App. 1974). However, in this case, the jury was properly instructed as to all the essential elements of the crime. State v. Gunzelman, 85 N.M. 295, 512 P.2d 55 (1973). The jury was instructed that defendant was presumed to be innocent and that his guilt had to be proved beyond a reasonable doubt. See State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct.App. 1970). In short, we do not believe that the error alleged with regard to the instructions in the case at bar is such as divests the trial court of jurisdiction.
Oral argument in this case is unnecessary.
Defendant's conviction is affirmed.
It is so ordered.
WOOD C.J., concurs
LOPEZ, J., dissenting.
LOPEZ, Judge (dissenting).
I respectfully dissent.
There is no question that § 20-4-303, supra, has been violated. The majority opinion fails to remedy this error on the grounds that defendant never clearly and graphically demonstrated to the trial court the total import of his objection. It is rather as if substituting the court's mandatory presumption for the jury's burden of proof beyond a reasonable doubt were mere harmless error. "The violation of a defendant's constitutional right is never harmless." State v. Barela, 86 N.M. 104, 519 P.2d 1185 (Ct.App. 1974).
The majority has completely distorted the issue of this case. The true question for decision is not, as is held above, whether a jury could infer knowledge or belief under § 40A-16-11, supra. Rather, the whole point of defendant's complaint on appeal is that his statutory and constitutional rights were violated by the error of the trial court.
The majority, further, hides the admitted error of the court below in a cloud of dicta concerning "standardized inferences": when the court lets the jury infer when it, arguably, did not know it had the right to infer. The majority might like to have § 40A-16-11(B), supra, read "may be presumed", but it is clear that both the actual statute and the instruction given read "is presumed", a mandatory directive in anybody's language.
But after all the verbiage about "inferences" and "presumptions" (a distinction *1011 not applicable to this case; contrast Chief Judge Bazelon's opinion in Bray v. United States, cited by the majority) even the rest of this panel must ultimately face the real issue: what to do with the clearly erroneous instruction? Their answer, obviously, is to do nothing.
The error in this case involves an evidentiary ruling, a violation of Rule 303, supra. The defendant, not being in a position to offer another instruction (he wished none), and not being in a position to offer other evidence on the matter (his case was closed), did what he could: he objected. As grounds for his objection, he stated that the trial court erred as a matter of law. Further, the matter involved a substantial right of the defendant: his right to a jury verdict on an essential element of the alleged crime. "* * * a peremptory ruling against the accused in a criminal case, even as to a single element of the crime, is abhorrent to the criminal law * * *." McCormick on Evidence § 342 (2d Ed. 1972).
Nevertheless, granting that reasonable minds might differ as to whether defendant had met the burden of subsection (a) of Rule 103, § 20-4-103, N.M.S.A. 1953 (Repl.Vol. 4, Supp. 1973), it simply cannot be doubted that subsection (d) of the rule is applicable in this case:
"(d) Plain Error. Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the judge."
The definitional problem, when you use "plain error", is handled many ways:
"Thus it is said that `plain error' means `error both obvious and substantial,' or `serious and manifest errors,' or `seriously prejudicial error,' or `grave errors which seriously affect substantial rights of the accused.'" Wright & Miller, Federal Practice and Procedure, § 856 (1969).
"This court is reluctant to consider objections raised for the first time on appeal. * * * We are considerably more reluctant to notice on our own motion, errors not raised below when the parties have not even urged us to do so. Nonetheless, we are empowered to notice, in our discretion, `[p]lain errors or defects affecting substantial rights' which were brought neither to our attention nor to the attention of the trial court. * * * We may do so when confronted with `unusual circumstances involving seriously prejudicial deficiencies in the trial process,' * * * or when `it appears to be necessary in order to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process.'" United States v. Bacall, 443 F.2d 1050, 1063 (9th Cir.1971).
The Plain Error Rule must be read in conjunction with the timely objection rule (our 103(a)) which provides that no party may assign as error an instruction to which he has not objected before the jury retires. Despite the language of 103(a), a court may notice an erroneous instruction as plain error, particularly when some objection is made, as in the instant case. Apodaca v. United States., 188 F.2d 932, 937 (10th Cir.1951). See cases in Wright & Miller, supra, at f.n. 97.
The "fundamental right" or "substantial right" denied the defendant in the case at bar was, again, the right to have his case determined by a jury. The mandatory instruction given by the trial court denied this right as to the essential element of intent.
An evidentiary matter being involved, this is precisely the situation for which the Plain Error Rule was designed. Compare State v. Sanchez, 86 N.M. 713, 526 P.2d 1306 (Ct.App. 1974).
Rule 303, and both the New Mexico and United States Constitutions were violated. Plain error occurred in its strictest form. Defendant's conviction should be reversed and the cause should be remanded for a new trial.