606 P.2d 543

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Kenneth Dermal GRIFFIN,
Defendant-Appellant.**

**No. 4208.**

Court of Appeals of New Mexico.

Jan. 24, 1980.

John B. Bigelow, Chief Public Defender, Santa Fe, Michael Dickman, Asst. Appellate Defender, Mary Lou Carson, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendant appeals his conviction as an habitual offender. We summarily answer his first two issues and reverse as to his third issue on the jury instruction.

The claim of double jeopardy is without merit and is controlled by *State v. Lujan*, 90 N.M. 778, 568 P.2d 614 (Ct.App.1977). His motion to dismiss on the grounds of an invalid prior conviction is also without merit. The comment on his silence was in response to his interjection of the issue. *See State v. Sedillo*, 81 N.M. 47, 462 P.2d 632 (Ct.App.1969).

Evidence and records were introduced at the hearing that a Kenneth Smitherman was convicted of a felony in Pennsylvania.

**6**

A fingerprint expert testified that the fingerprint taken the morning of trial of the defendant and those of Kenneth Smitherman were made by the same person.

Over defendant's objection, the trial court gave the following instruction:

For you to find the Defendant, KENNETH DERMAL GRIFFIN, aka: KENNETH SMITHERMAN, is a Habitual Offender as charged in the Information, the State must prove to your satisfaction beyond a reasonable doubt each of the following:

1. That the Defendant, KENNETH DERMAL GRIFFIN, aka: KENNETH SMITHERMAN, is the same person convicted of Robbery, a felony offense occurring on or about March 26, 1965, in Criminal Cause No. 2 May, 1965, in the Court of Common Pleas—Criminal, Beaver County, Pennsylvania, on July 16, 1965.

2. That the Defendant, KENNETH DERMAL GRIFFIN, aka: KENNETH SMITHERMAN, is the same person convicted of Criminal Sexual Penetration in the Second Degree, a felony offense occurring on or about May 22, 1977, in Count I of Criminal Cause No. 29805, in the District Court of the Second Judicial District, Bernalillo County, New Mexico, on November 9, 1978.

3. That the Defendant, KENNETH DERMAL GRIFFIN, aka: KENNETH SMITHERMAN, is the same person convicted of Aggravated Burglary, a felony offense occurring on or about May 22, 1977, in Count II of Criminal Cause No. 29805, in the District Court of the Second Judicial District, Bernalillo County, New Mexico, on November 9, 1978.

4. The Defendant, KENNETH DERMAL GRIFFIN, aka: KENNETH SMITHERMAN, committed the crimes in Counts Two and Three of the Information after the date of his conviction in Count One.

Defendant's objection was grounded on the proposition that identity was the matter to be proved by the State (§ 31–18–7, N.M. S.A.1978) and that the instruction which read "aka" (also known as) deprived him of the right to have the jury determine the issue of identity. We agree and reverse.

Nowhere else in the record, either in the Pennsylvania conviction or in the New Mexico convictions, does "aka" appear. Nor does the testimony of the fingerprint expert, who testified that the fingerprint taken from the defendant and those furnished from Pennsylvania of Kenneth Smitherman, justify the "aka" portion of the instruction. That testimony was no more than the State's evidence to meet its burden of proof on the issue of identity.

When the jury was told that Kenneth Dermal Griffin was also known as Kenneth Smitherman, the instruction had the effect of preempting the jury's function of determining the issue of identity. This type of an instruction is not favored. *See State v. Jones*, 88 N.M. 110, 537 P.2d 1006 (Ct.App. 1975).

Reversed and remanded.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.