620 P.2d 380

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Robert OLIVARES, Defendant–Appellant.**

**No. 4729.**

Court of Appeals of New Mexico.

Nov. 20, 1980.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

OPINION

HENDLEY, Judge.

The defendant appeals from his conviction as an habitual offender, contrary to § 31–18–5, N.M.S.A.1978. He contends the court's statement to the jury venire denied him a fair trial.

At the beginning of voir dire, the judge made the following remarks:

Now, good morning, ladies and gentlemen. The case that we have set for trial today is one in which the State of New Mexico has charged Robert Olivares under what is known as the habitual offender statute. And it charges that Mr. Olivares was, is the same person who was convicted * * * (listing the felonies charged in the supplemental information). Now, the State in this case is represented by attorney Kris Anderson of the district attorney's office. And the defendant is represented by Deborah Bohl. And the gentleman seated with Miss Bohl is the defendant, Robert Olivares; Mr. Olivares? Or, is, is the * * *.

At this point, the defense counsel asked to approach the bench. Defense counsel objected to the remark.

Subsequently, during the jury selection, the defendant's motion for a mistrial, based upon this incident, was denied. The motion for mistrial was untimely. *State v. Milton*, 86 N.M. 639, 526 P.2d 436 (Ct.App. 1974).

The defendant's argument that this jury had to resolve "whether he, the person in the courtroom, was in fact Robert Olivares" is inaccurate. What the jury had to determine was whether the defendant, Robert Olivares, who was in the courtroom, was the same person who committed the three prior felonies contained in the supplemental information.

The defendant starts with a name on the day he is arraigned in the case. He is introduced in the original trial by that name and, on voir dire, the jury is asked if they know the named defendant. The fact that the judge introduces the defendant by

name does not emphasize or de–emphasize that the named defendant is the same person who committed the prior offenses. This does not detract from any of the presumptions, nor does it give rise to any inference that the judge is using his position to exert his power or influence over the jury (*Cf., State v. Sedillo*, 76 N.M. 273, 414 P.2d 500 (1966)), nor is it indicating to the jury that the defendant, Robert Olivares, is the same person who committed the three prior felonies.

This case is not similar to *State v. Griffin*, 94 N.M. 5, 606 P.2d 543 (Ct.App.1980). In *Griffin*, the instruction to the jury stated that the defendant was also known as (aka) Smitherman. One of the prior convictions was of a Smitherman in Pennsylvania. The aka, in effect, told the jury that defendant was also known as Smitherman. This is what preempted the jury's function of determining identity. This preemption was not done in the instant case. The court's comment in no way inferred that the named and identified defendant was the same person who was convicted of the crimes for which he was being charged.

Defendant's contention that the habitual offender statute violates double jeopardy is without merit. *State v. James*, 94 N.M. 604, 614 P.2d 16 (1980).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and ANDREWS, J., concur.