This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                             **No. 34,963**

**RAUL TARIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Raul Tarin
Dexter, NM

Pro Se Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}     Defendant appeals his conviction for parking an SUV too close to a water trough in violation of NMSA 1978, Section 72-1-8 (1979). [DS 2] In his docketing statement, Defendant asserted three issues, the first of which remains relevant to this opinion.[1] In the issue that remains relevant, Defendant suggested that the district court's verdict was unsupported by the evidence because the court erroneously received the testimony of a game warden about Defendant's out-of-court statement regarding ownership of the SUV. [DS 13]

{2}     Because the game warden's testimony was only relevant to the question of who committed the crime in this case and not whether a crime had been committed (*i.e.*, the corpus delicti), this Court's notice of proposed summary disposition proposed to affirm Defendant's conviction. [CN 1-3] In response, Defendant has filed a motion to amend his docketing statement to raise an issue involving the use of presumptions in criminal cases, as well as a memorandum in opposition to that proposed summary disposition in which he continues to assert that the evidence was insufficient because "there was no substantial evidence based on personal knowledge presented by the State's witness that Defendant was the person who parked the SUV[.]" [MIO 1] In

---

[1] Defendant's memorandum in opposition does not address the other two issues raised in his docketing statement. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (when a party fails to respond to the calendar notice's proposed disposition of the issues, those issues are deemed abandoned).

doing so, Defendant directs our attention to his reliance upon *State v. Silva*, which was quoted in his docketing statement for the following rule: "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." 2008-NMSC-051, ¶ 17, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted). [DS 14; MIO 3]

{3}     This language from *Silva* accurately states this Court's standard of review for assessing the sufficiency of the evidence. We, further, note that when *Silva* discusses "substantial evidence," that term means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Baca*, 1997-NMSC-059, ¶ 14, 124 N.M. 333, 950 P.2d 776 (internal quotation marks and citation omitted). In conducting our review, we are required to "view the evidence in the light most favorable to the [prosecution], resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict[.]" *State v. Parker*, 1969-NMCA-056, ¶ 31, 80 N.M. 551, 458 P.2d 803. The relevant question is whether the district court's "decision is supported by substantial evidence, not whether the court could have reached a different conclusion." *In re Ernesto M., Jr.,* 1996-NMCA-039, ¶ 15, 121 N.M. 562, 915 P.2d 318. Thus, it is not the role of this Court to "weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is

3

sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogated on other grounds as recognized in Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

**{4}** Keeping that standard of review in mind, we turn to the evidence in Defendant's trial to see whether there was sufficient evidence from which the district court could conclude that Defendant was the person who illegally parked the SUV. Defendant's docketing statement summarizes three statements from the game warden's testimony that are relevant to that question. First, the warden testified that Defendant was one of two people who approached the SUV shortly after he found it parked illegally. [MIO 5; DS 7] During the game warden's subsequent encounter with those two people, Defendant admitted that he owned the SUV. [DS 12] And, ultimately, at the end of that encounter, Defendant drove the SUV away. [DS 8]

**{5}** Defendant argues that, because there was a companion with him when he encountered the warden, "there was at least a 50% reasonable doubt" that he was the one who parked the SUV. [MIO 5] In essence, Defendant is suggesting that the district court could have found that the companion, and not Defendant, parked the SUV next to the water trough. As noted earlier, however, it is not appropriate for this Court to reweigh the evidence and decide whether the evidence supported an alternative conclusion. Our job is simply to decide whether there was evidence supporting the

4

conclusion actually reached by the court below. *See Mora*, 1997-NMSC-060, ¶ 27; *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 15. And, the fact that Defendant was one of two people approaching the SUV in a secluded location does help to support a conclusion that he parked the SUV there.

**{6}** Further, once there were two people on the scene, the game warden apparently asked which of them owned the SUV. [DS 12] Defendant said that it was his. [Id.] That fact, again, suggests a likelihood that Defendant may have been the person who parked his SUV in an illegal location. Finally, once he was finished interacting with the game warden, Defendant appears to have demonstrated his ability to exercise control over the SUV by getting into it and driving it away. [DS 8] Each of these three statements from the game warden's testimony offers support for the conclusion that Defendant parked the SUV where the game warden found it. And, taken together, those three statements provide sufficient evidence for a reasonable person to "accept as adequate" a conclusion that Defendant illegally parked his SUV. *See Baca*, 1997-NMSC-059, ¶ 14. As that appears to be the only finding challenged by Defendant on appeal, we conclude that there was sufficient evidence "to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *Silva*, 2008-NMSC-051, ¶ 17 (internal quotation marks and citation omitted).

**{7}** Defendant has also filed a motion to amend his docketing statement in order to raise an issue dealing with the use of presumptions in criminal cases. [Mtn. 1] In his proposed amended docketing statement, Defendant cites to *Bollenbach v. United States*, 326 U.S. 607 (1946), and Rule 11-302 NMRA to argue that the district court erred by "presum[ing] that . . . Defendant parked the SUV based on an unsupported allegation . . . that Defendant owned the SUV." [amended DS 15] We begin our analysis by noting that this Court will grant a timely motion to amend a docketing statement when the issue sought to be raised was properly preserved below or may be raised for the first time on appeal, and the issue asserted is viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. The new issue that Defendant seeks to assert by way of his proposed amendment is not viable in this case.

**{8}** As discussed earlier, there was sufficient evidence offered at trial to support a finding that Defendant illegally parked the SUV at issue. There is, further, nothing to suggest that the district court applied any presumption to arrive at that fact. Instead, it appears that the district court merely inferred from the evidence presented that Defendant had parked the SUV in question. The distinction between an inference and a presumption is well-established.

> [A] "true" presumption shifts the burden of proof; if proof of the basic facts are introduced into evidence, the presumed fact is also taken to be proved in the absence of evidence to the contrary. If no evidence to the contrary is forthcoming, the court is compelled to direct a verdict against the party now having the burden of producing such evidence. In other words, a "true" presumption is conclusive on the jury in the absence of evidence to the contrary. An inference, on the other hand, is nothing more than a permissible deduction from the evidence.

*State v. Jones*, 1975-NMCA-078, ¶ 7, 88 N.M. 110, 537 P.2d 1006 (citation omitted).

{9} For the reasons discussed in this opinion, the district court could reasonably deduce from the evidence offered at trial that Defendant was the person who parked the SUV. As a result, there is no reason to believe that the court indulged in an impermissible presumption, and Defendant's motion to amend his docketing statement does not present any viable issue for this Court to address. That motion is denied.

{10} Accordingly, Defendant's conviction is affirmed.

{11} **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**

7

_____
**STEPHEN G. FRENCH, Judge**