501 P.2d 689

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Alfred Lee ZAMORA, Defendant-Appellant.**

No. 892.

Court of Appeals of New Mexico.

Sept. 15, 1972.

Leon Taylor, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

During the course of a murder trial appellant was called as a witness by the State. He refused to answer certain questions on the grounds that the testimony might tend to incriminate him. Thereafter, on a contempt of court proceedings, counsel was appointed. Appointed counsel after consultation with appellant, informed the court that ". . . any statement this boy makes here regarding this particular offense committed by the defendant, allegedly, would incriminate him." A hearing was held out of the presence of the jury and appellant's counsel told the trial court that if the witness were to testify and told the truth he would subject himself to a charge of perjury arising from statements he made earlier at the Grand Jury investigation. The trial court ruled that the witness must answer the questions or go to

jail until he purged himself of contempt. Appellant was then recalled and again refused to testify as to his whereabouts during the time of the offense in the case being tried. The trial court then held appellant in contempt of court and sent him to jail. At a subsequent hearing appellant was adjudged guilty of contempt and given a thirty day suspended sentence. Appellant raises three points for reversal. The third point relating to appellant's right to invoke the Fifth Amendment is dispositive and we reverse.

Section 20–1–10, N.M.S.A.1953 (Repl. Vol. 1970) states: "Nothing herein contained shall render any person compellable to answer any question to criminate himself or to subject him to prosecution for any penalty or crime."

■ In order to claim the Fifth Amendment privilege appellant must have had a "reasonable cause" to apprehend danger from a direct answer. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951); United States v. Seewald, 2 Cir., 450 F.2d 1159 (1971). In determining a possible incrimination, short of obvious incrimination, we look to see if the trial judge truly had a basis in fact for thinking that, by answering, the witness would expose himself to a substantial danger of incrimination. United States v. Wilcox, 5 Cir., 450 F.2d 1131 (1971). The difficulty inherent in conducting the hearing to determine whether the privilege is justified is apparent. The test is stated in Hoffman v. United States, supra:

"To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim, 'must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.' See Taft, J., in Ex parte Irvine, 74 F. 954, 960 (C.C.S.D.Ohio, 1896)."

At the hearing, out of the presence of the jury, and in response to the trial judge's inquiry as to why the witness was pleading the Fifth Amendment, his counsel stated:

"MR. TAYLOR: . . . . [T]his witness, according to my conference with him, has indicated to me that at the time that he testified at the Grand Jury at that particular time he was under severe coercion and duress by the police officers, not only at the time of the Grand Jury—testifying at the Grand Jury but at the time that he gave that statement and, consequently, when he was at the Grand Jury he was without an attorney, he was without his stepfather, he was by himself, he was still afraid, and, consequently, he did not tell the truth in the Grand Jury room. Now if he comes in here and tells the truth, then he's going to subject himself to a charge of perjury, or if he comes in here and testifies according to the Grand Jury minutes, if he comes in here and his testimony conforms to the Grand Jury minutes, then he is going to be committing perjury.

"THE COURT: That's all? That's the only basis for self-incrimination you have?

"MR. TAYLOR: Yes. It is a one to five year penalty.

"THE COURT: Under that kind of a situation any witness could get out of testifying by just saying something before the Grand Jury, then coming here and saying 'If I say something different, I'll be incriminating myself.' The whole legal system would break down."

■ The fact that perjury is the crime with which the witness might incriminate himself is immaterial. When a witness is asked a question the answer to which could show that he had already committed a crime (perjury at a prior trial or hearing) his refusal to answer is permissible almost by the definition of self-incrimination. However, he is still criminally accountable for his perjury, but he may not be convicted out of his own mouth over his claim of

privilege. United States v. Wilcox, supra; United States v. Orta, 253 F.2d 312 (5th Cir. 1958); Glickstein v. United States, 222 U.S. 139, 32 S.Ct. 71, 56 L.Ed. 128 (1911).

Reversed and discharged.

It is so ordered.

COWAN and HERNANDEZ, JJ., concur.