536 P.2d 1108
**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Isabel BARRERAS, Defendant-Appellant.**
**No. 1697.**

Court of Appeals of New Mexico.
May 28, 1975.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Gerald Chakerian, Asst. App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ralph Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant used a firearm in committing aggravated battery. In imposing sentence, the trial court refused to consider suspending defendant's sentence on the basis that § 40A–29–3.1, N.M.S.A.1953 (2d Repl. Vol. 6) was mandatory. Defendant contends that § 40A–29–3.1, supra, could not be applied in his case. We hold that § 40A–29–3.1, supra, was applicable to defendant's sentence but that it was misapplied. Accordingly, we remand for further hearing as to whether a part of the sentence should be suspended.

Section 40A–29–3.1, supra, reads:

> "When a separate finding of fact by the court or jury shows that a firearm was used in the commission of:
>
> "A. murder other than murder in the first degree, rape, statutory rape, rape of a child, sexual assault, escape from jail, escape from penitentiary, escape from custody of a peace officer or assault by prisoner, the minimum and maximum

terms of imprisonment prescribed by the Criminal Code shall each be increased by five [5] years; or

"B. any crime constituting a felony other than a capital felony, the court shall not suspend the first one [1] year of any sentence imposed; or

"C. any crime constituting a second or subsequent felony, other than a capital felony, the imposition or execution of a sentence shall not be suspended or parole shall not be granted unless one-half [½] of the minimum imprisonment provided for the offense shall have been served."

The statute provides for sentencing consequences when a firearm is used in the commission of certain crimes. The enhancement is in various ways. Under Paragraph A the minimum and maximum terms of imprisonment are increased. Paragraph B limits the authority to suspend the sentence. Paragraph C limits the authority either to suspend the sentence or to grant parole. This statute provides for enhanced sentences for specified crimes which are committed with a firearm. See State v. Lard, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

Defendant asserts the trial court had no jurisdiction to utilize § 40A–29–3.1, supra, in imposing sentence. He contends that jurisdiction was lost because § 40A–29–3.1, supra, was not charged in the information. This contention is not concerned with the sufficiency of the information to charge the crime of aggravated battery contrary to § 40A–3–5, N.M.S.A.1953 (2d Repl. Vol. 6). See State v. Sanchez, 87 N.M. 140, 530 P.2d 404 (Ct.App.1974). This contention is directed to what must be charged in the information so that the enhanced penalties of § 40A–29–3.1, supra, apply when conviction occurs.

State v. Blea, 84 N.M. 595, 506 P.2d 339 (Ct.App.1973) involved Paragraph A of § 40A–29–3.1, supra. *Blea* states that this statutory provision created a new class of crimes and that defendant must be charged

with violating this new crime "so as to enable him to prepare his defense to that crime." This statement is overly broad. On the other hand, State v. Sanchez, supra, indicates that § 40A–29–3.1, supra, creates "no new crime" and is superfluous to the criminal charge. This statement is too narrow. These seemingly contradictory statements are reconcilable because § 40A–29–3.1, supra, contains two major elements. *Blea* and *Sanchez* each emphasize a different element.

One major element in § 40A–29–3.1, supra, is that crimes committed by use of a firearm are to be treated differently than crimes committed without a firearm. *Blea* emphasizes this element. The second major element is the consequence for using a firearm. *Sanchez* emphasizes this element. Both decisions are correct.

Blea holds that a defendant must be given notice, in the criminal charge, that he used a firearm in committing the crime. We reaffirm this holding because, as stated in *Blea,* a defendant is entitled to be informed of the nature of the accusation against him so as to enable him to prepare his defense. *Sanchez* states that a defendant need not be given notice, in the criminal charge, of the enhanced penalty for using a firearm. We reaffirm this holding because the sentence is not an element of the conviction; rather it is a consequence of the conviction. State v. Ferris, 80 N.M. 663, 459 P.2d 462 (Ct.App. 1969). We add, however, that the reference in *Blea* to a new class of crimes and the reference in *Sanchez* that § 40A–29–3.-1, supra, is superfluous is verbiage unnecessary to the decision in either case. This verbiage is disapproved because § 40A–29–3.1, supra, creates new consequences for criminal conduct committed by using a firearm.

For the enhanced penalties of § 40A–29–3.1, supra, to apply, a defendant must have been put on notice that the crime charged was committed by using a firearm. Direct ways of giving notice is to allege that a firearm was used or that defendant

is charged under § 40A–29–3.1, supra. That was not done in this case. The information charged defendant with committing the aggravated battery "with a deadly weapon". Was this sufficient notice?

The information gave defendant notice that he must be prepared to defend against a charge of using a deadly weapon. Deadly weapon "means any firearm". Section 40A–1–13(B), N.M.S.A.1953 (2d Repl. Vol. 6). The definition of deadly weapon encompasses more than firearms. If defendant was uncertain whether the charge of deadly weapon encompassed a firearm, he could have obtained a description of the weapon under §§ 41–23–8 and 41–23–9, N. M.S.A.1953 (2d Repl. Vol. 6, Supp.1973).

■ We hold that the information charging that the offense was committed with a deadly weapon was sufficient to put defendant on notice to defend against committing the crime by using a firearm. The charge was sufficient in this case; the trial court had jurisdction and § 40A–29–3.1, supra, was applicable.

■ Defendant also asserts he was prejudiced by the failure to charge § 40A–29–3.1, supra, in the information. He concedes that a specific mention of the statute or the word "firearm" would not have significantly altered defense strategy at trial. His contention is that the failure to specifically mention the statute or "firearm" severely handicapped his decision as to whether to plead guilty to a lesser offense. This claim is answered by the record. At the sentencing proceeding, his counsel stated that "we did not plead him guilty because he [defendant] didn't feel like he was guilty . . . ." There is no factual basis for a claim of prejudice based on loss of a plea bargain.

■ Section 40A–29–3.1, supra, requires a separate finding of fact by the court or

jury that a firearm was used. State v. Blea, supra, holds that this finding must be made by the fact finder in the case. This case was tried to the court without a jury. The court specifically found that a firearm was used in commission of the aggravated battery. No claim is made that there was insufficient evidence for this finding; it is uncontroverted that defendant shot the victim with a pistol.

Thus, the penalty provisions of § 40A–29–3.1, supra, were mandatory. The applicable provision in this case was Paragraph B—"the court shall not suspend the first one [1] year of any sentence imposed . . . ." Thus, the first one year of defendant's sentence of not less than two nor more than ten years could not properly be suspended.

■ The trial court, however, was of the view that under § 40A–29–3.1(B), supra, "I have no power to suspend . . . ." "I am faced with the statute that practically ties my hands." Accordingly, the trial court refused to consider whether any part of the sentence after the first year could be suspended. In this the trial court erred.

Oral argument in this case is unnecessary; the cause is submitted for decision on the briefs. The conviction is affirmed. The statutory sentence for a third degree felony is affirmed. The cause is remanded to the trial court with instructions to reopen the sentencing hearing. At that hearing the trial court is to determine, in its discretion, whether any part of the sentence after the first year is to be suspended. See § 40A–29–15(B), N.M.S.A.1953 (2d Repl. Vol. 6).

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.