537 P.2d 698

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Billy D. ELLIS, Defendant-Appellant.**

**No. 1700.**

Court of Appeals of New Mexico.

June 18, 1975.

James B. Kelly, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Lanny D. Messersmith, Ralph W. Muxlow, II, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Three men forced their way into the Growney residence in Albuquerque. They robbed the occupants. Upon leaving approximately forty-five minutes later, they took an automobile. Defendant was convicted of aggravated burglary, § 40A–16–4, N.M.S.A.1953 (2d Repl.Vol. 6); armed robbery, § 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973); and the unlawful taking of a vehicle, § 64–9–4, N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 2). Each count charged the offense was committed with a firearm and the jury so found. Section

40A–29-3.1, N.M.S.A.1953 (2d Repl.Vol. 6). Defendant's appeal raises issues concerning: (1) search and seizure, (2) identification of defendant, and (3) limitation on parole.

### Search and Seizure

The Growney vehicle was found by police in El Paso, Texas. The car was on a street in a traffic lane. It had been involved in an accident with a sign. The officer dispatched to investigate the accident found no one in or near the car. The officer learned from a bystander that four men had been in the car but had left approximately twenty minutes before the officer arrived. On the basis of descriptions provided by the bystander and directions provided by other bystanders, four men were located at a shopping center in El Paso.

An officer frisked the men for weapons; no weapon was found on defendant, but Gilchrist (one of the four men) had a pistol in his belt. The men were placed in the police car. The officer then opened a suitcase which had not been in the possession of defendant but in the possession of one of the other men. The suitcase contained a bottle of bourbon, a holster for the pistol found on Gilchrist and ammunition. The men were then returned to the accident scene. Three of the men, including the defendant, "knew nothing" about the Growney car. The car was searched at the scene; an automobile lease agreement and another bottle of bourbon was found in the car.

The lease agreement was made out to Mr. Growney. The bourbon was of the same brand stolen from the Growneys. The pistol was taken from the Growney residence. However, at the time each of the items was seized, the police did not know of the crimes at the Growney residence and did not know the vehicle had been stolen. The police were investigating an automobile accident.

Defendant moved to suppress evidence claiming the evidence was obtained by an

unreasonable search. The three items involved are the pistol obtained from Gilchrist, the contents of the suitcase obtained from an unidentified person, but concededly not from defendant, and the items taken from the car concerning which defendant disclaimed any knowledge.

▆ We do not answer the contentions raised by defendant because defendant has no standing to exclude this evidence. The constitutional prohibition against an unreasonable search is a personal right enforceable by one whose own protection was infringed by the search. "To have standing one must be the victim of the search in the sense that one's right of privacy was invaded." State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970). No right of defendant's was involved in the search of Gilchrist, the suitcase or the car. The evidence seized was not an essential element of any of the offenses with which defendant was charged; only the car search can be considered a premises search and defendant disclaimed any connection with the car; defendant has never claimed a connection with any of the seized evidence—either at the suppression hearing or at trial. See State v. Nemrod, 85 N.M. 118, 509 P.2d 885 (Ct.App.1973), overruled on other grounds, State v. Vigil, 86 N.M. 388, 524 P.2d 1004 (Ct.App. 1974); State v. Torres, supra.

*Identification of Defendant*

Mr. Growney viewed a lineup in El Paso. He positively identified two of the men in the lineup as participants in the crimes. He was "reasonably certain" that defendant was the third participant. Returning to Albuquerque after the lineup, Detective Crespin told Mr. Growney that defendant had been arrested with the two men that Mr. Growney had positively identified. The detective testified that Mr. Growney knew the police thought defendant was the third participant.

Upon returning home, Mr. Growney discussed his lineup identifications with his wife. The next day, Mrs. Growney identified defendant's photograph. It was one of five photographs handed to her by Albuquerque police.

Defendant sought to exclude any testimony by Mr. or Mrs. Growney, at the trial, which identified defendant as a participant in the crimes. Defendant also sought to exclude any evidence as to Mrs. Growney's photographic identification.

▆ Defendant claims this evidence should have been excluded because of impermissible suggestiveness. He claims the conversation with the detective tainted Mr. Growney's identification and the conversation between husband and wife tainted Mrs. Growney's identification. This claim ignores the totality of the circumstances surrounding the identification made by Mr. and Mrs. Growney. See State v. Jones, 83 N.M. 600, 495 P.2d 380 (Ct.App.1972).

▆ After Mr. Growney's conversation with the detective, his identification testimony had not changed. At the hearing on the motion to suppress, Mr. Growney was still "reasonably certain" that defendant was the third participant. At trial Mr. Growney did testify that he was 99 percent certain in his identification of defendant. This was no change. Explaining his "reasonably certain" identification at the lineup, Mr. Growney testified: "Well, you know, I was ninety-nine percent sure but I couldn't be as positive on him as I was the other two."

Mr. and Mrs. Growney discussed the physical characteristics of the three men but this conversation did not involve "detailed descriptions". There is no evidence of suggestiveness by the police when Mrs. Growney made the photographic identification.

The record does not support the claim of impermissible suggestiveness in connection with the identification testimony of Mr. and Mrs. Growney. See State v. Jones, supra; State v. Baldonado, 82 N.M. 581, 484 P.2d 1291 (Ct.App.1971).

*Limitation on Parole*

Defendant was given the statutory sentence of not less than ten nor more than fifty years in the penitentiary for the aggravated burglary. An identical sentence was imposed for the armed robbery. His sentence on the vehicle charge was not less than one nor more than five years in the penitentiary. The three sentences were to be served concurrently. The sentence also provides that defendant is to serve at least three years before parole.

Defendant contends the trial court exceeded its statutory authority in sentencing him to serve at least three years before parole.

■ The trial court's authority to limit parole must be found in the statutes. State v. Hovey, 87 N.M. 398, 534 P.2d 777 (Ct.App.1975). Such authority is found in § 40A–29–3.1, supra. Both parties argue the applicability of Paragraph B of the statute. Paragraph B limits the authority to suspend sentences. State v. Barreras (N.M.Ct.App.) 536 P.2d 1108, 1975. No suspended sentence is involved in this case.

Paragraph C is the applicable portion of § 40A–29–3.1, supra. Whenever a separate finding of fact shows a firearm was used in the commission of:

"C. any crime constituting a second or subsequent felony, other than a capital felony, the imposition or execution of a sentence shall not be suspended or parole shall not be granted unless one-half [½] of the minimum imprisonment provided for the offense shall have been served."

Paragraph C applies to second or subsequent felonies. The record does not show that defendant had been convicted of any felony prior to the trial at which he was convicted of three felonies. Are the second and third felony convictions at one trial "second or subsequent" felonies within the meaning of § 40A–29–3.1(C), supra?

■ Our habitual offender statute is similar in that it refers to "second" and "subsequent" felonies. Section 40A–29–5, N.M.S.A.1953 (2d Repl.Vol. 6). State v. Sanchez, 87 N.M. 256, 531 P.2d 1229 (Ct. App.1975) states: ". . . where a conviction on two or more counts arising out of acts committed in the course of a single transaction has been entered, the convictions should count as one for the purpose of sentencing under an habitual offender statute. . . . On the other hand, where multiple convictions are obtained for crimes unrelated to one another, no prohibition has been found to prevent counting each conviction separately in habitual offender proceedings." For there to be a second or subsequent conviction for habitual offender proceedings, there must have been a prior conviction. This prior conviction must precede the commission of the offense for which the enhanced sentence is sought. French v. Cox, 74 N.M. 593, 396 P.2d 423 (1964). The reason for this view is stated in State v. Midell, 40 Wis.2d 516, 162 N.W.2d 54 (1968): "The infliction of a more severe punishment for a repeater is based upon his persistent violation of the law after conviction for previous infractions."

■ Section 40A–29–3.1(C), supra, is not only similar to our habitual offender statute in the language used, it is also similar in that both statutes provide for enhanced sentences. See State v. Barreras, supra. Accordingly, our view is that the interpretation given to the habitual offender statute is applicable to § 40A–29–3.1(C), supra.

■ Where convictions on two or more counts in a single trial are based on a unified course of events, the convictions count as one under § 40A–29–3.1(C), supra. That is the situation in this case. The aggravated burglary, the armed robbery and the vehicle offense occurred over approximately forty-five minutes and were successive acts in one course of events involving one set of victims. The convictions all occurred at the same trial. In these circumstances the aggravated bur- .

glary is not a prior conviction so as to permit the armed robbery and the vehicle offense to be counted as a second or subsequent conviction.

The trial court erred in limiting parole on the basis of § 40A–29–3.1, supra. The limitation on parole is not a valid part of defendant's sentence. Defendant's eligibility for parole will be determined by the State Board of Probation and Parole. The limitation on parole in the judgment should be considered only as the recommendation of the sentencing judge. State v. Hovey, supra.

A valid sentence having been imposed, the judgment and the valid sentence are affirmed. The cause is remanded with instructions to delete the unauthorized limitation on parole.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.