661 P.2d 890

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Richard Lee LOPEZ,
Defendant-Appellant.**

**No. 7090.**

Court of Appeals of New Mexico.

April 12, 1983.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Lewis Fleishman, Asst. Public Defender, Santa Fe, for defendant-appellant.

OPINION

DONNELLY, Judge.

Defendant appeals from the sentences imposed in an amended judgment, sentence and commitment, entered after our remand in *State v. Lopez,* —— N.M. ——, Ct.App. No. 5543 (Memorandum Opinion filed Sept. 7, 1982). In his second appeal, defendant asserts that the new sentence imposed by the trial court constituted a punishment for having previously exercised his rights to appeal. We proposed summary affirmance herein because the new sentences for the armed robbery con-

victions were within the statutory authority and because the total term of imprisonment reflected in the amended judgment is actually less than that imposed in defendant's original sentence. Defendant's timely memorandum in opposition does not persuade us that the considerations set forth in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) apply to this case.

Following a jury trial, defendant was convicted of two counts of conspiracy, two counts of armed robbery, aggravated burglary, and assault with intent to commit armed robbery. He was originally sentenced as a second offender for the armed robbery convictions under the enhancement provisions of § 30–16–2, N.M.S.A.1978, and received an 18-year prison term for each count, to be served concurrently. Additionally, his sentence was enhanced by three years on each count for use of a firearm pursuant to § 31–18–16(B), N.M.S.A.1978 (1981 Repl.Pamph.), the enhancements to be served concurrently with each other and consecutive to the other sentences. Defendant appealed, and in *State v. Lopez, supra,* this Court found those sentences to be improper.

On remand, the trial court vacated the judgment and resentenced defendant. Upon resentencing, the sentences for the other convictions were reinstated. On the armed robbery convictions, the trial court sentenced defendant to two 9-year terms to be served *consecutively,* and ordered that the one-year firearm enhancement penalties on each robbery count be served concurrently with each other. Defendant's initial sentences carried a total of 21 years imprisonment; on resentencing the amended judgment imposed a total of 19 years imprisonment. In his appeal herein defendant has not challenged the length or arrangement of his sentences, thus we do not consider such aspects.

■ The term of incarceration ordered upon remand was less than the maximum penalty which could have been imposed, since the firearm enhancement penalties were ordered to run concurrently. The trial court has the discretion to order that sentences for different offenses be served concurrently or consecutively. *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629 (Ct. App.1982); *State v. Kendall,* 90 N.M. 236, 561 P.2d 935 (Ct.App.1977), *rev'd on other grounds,* 90 N.M. 191, 561 P.2d 464 (1977).

■ Defendant recognizes that under the amended judgment his total prison term is less than that imposed by his original sentence, yet argues that due process considerations are implicated because the new sentences are to be served consecutively, rather than concurrently. He cites no authority directly supportive of this contention. There is authority, however, for the proposition that the relevant inquiry upon resentencing is the actual effect of the new sentence as a whole on the total amount of punishment. *United States v. Markus,* 603 F.2d 409 (2nd Cir.1979). The fact that concurrent sentences are changed to consecutive terms does not by itself indicate an actual increase in penalty. *United States v. Norton,* 657 F.2d 1003 (8th Cir.1981); *Thurman v. United States,* 423 F.2d 988 (9th Cir.1970). The record in the case at bar does not reflect an actual increase in the total amount of punishment.

■ *North Carolina v. Pearce, supra,* and the concept of "judicial vindictiveness" are not applicable to these facts, where the total term of imprisonment subsequently ordered is less than the original which had been imposed.

The amended judgment is affirmed.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.