This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. 35,662**

**SAINT ADEOGBA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant appeals his convictions for two counts of trafficking a controlled substance (methamphetamine). [DS 1] We issued a calendar notice proposing to

affirm. In response, Defendant filed a memorandum in opposition and motion to amend the docketing statement. We deny Defendant's motion to amend the docketing statement and remain unpersuaded by Defendant's arguments, and therefore affirm.

**Ineffective Assistance**

{2}     We turn first to Defendant's motion to amend the docketing statement with respect to the issue of ineffective assistance of counsel. While the docketing statement argued that trial counsel was ineffective for failing to move to reveal the identity of the confidential informant ("CI"), [DS 5] Defendant seeks to amend the docketing statement to add additional instances of ineffective assistance. [MIO 1, 5] We address each contention of ineffective assistance in turn.

{3}     First, Defendant seeks to amend the docketing statement to argue that trial counsel was ineffective for failing to challenge the warrantless covert recording made in Defendant's home under Article II, Section 10 of the New Mexico Constitution. [MIO 6] We summarize the relevant factual background as follows. The two counts of trafficking in this case stemmed from two separate incidents—once on April 4, 2014 and once on April 17, 2014. [MIO 2–3] Detective Wallace Downs testified that on April 4, 2014, he worked with a CI to buy methamphetamine from Defendant. The CI invited Defendant to the CI's home, where Defendant pulled out a plastic-wrapped bundle with a white, powdery substance from his pants. [MIO 3] The parties stipulated

that the substance was methamphetamine. [MIO 3] Officer Downs gave Defendant $200 in unmarked cash in exchange for the substance. [MIO 3]

{4}  On April 17, 2014, the CI arranged a second buy with Defendant, this time at Defendant's house. [MIO 3] Officer Downs and the CI went to Defendant's house and knocked on the back door, at which point Defendant invited them in and took him to his bedroom. [MIO 3] Defendant took out a half-ounce of a substance stipulated to be methamphetamine, and in exchange, Officer Downs gave him $625 in unmarked cash. [MIO 3] This transaction was covertly recorded by Officer Downs, without a warrant, and the audio was played for the jury at trial, without objection. [MIO 3–4]

{5}  Defendant acknowledges that under Fourth Amendment jurisprudence, the recording would not be suppressed. *See State v. Hogervorst*, 1977-NMCA-057, ¶ 30, 90 N.M. 580, 566 P.2d 828 (holding that there was no unlawful search where an officer secretly recorded a conversation with electronic equipment carried on his person); *State v. Chamberlain*, 1989-NMCA-082, ¶ 7, 109 N.M. 173, 783 P.2d 483 ("A police officer or agent does not violate the fourth amendment by electronically recording or transmitting his conversations with another person.").

{6}  However, Defendant argues that a different result is mandated by the New Mexico Constitution, and that his trial counsel was ineffective for failing to argue below that our state constitution afforded him greater protections. [MIO 6] We

3

disagree. Our case law has not yet considered whether the New Mexico Constitution would provide greater protection in this context.

{7} "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.* In the present case, our Courts have not evaluated whether secret recordings by police officers are subject to greater protections under our state constitution, and our existing jurisprudence is clear that this circumstance presents no basis for suppression under the Fourth Amendment. Thus, not only could it be argued that a "plausible, rational strategy or tactic can explain the conduct of defense counsel," such as "counsel's judgment that the motion would be groundless and unsuccessful," *State v. Crocco*, 2014-NMSC-016, ¶ 15, 327 P.3d 1068 (internal quotation marks and citation omitted), but "[a] showing that counsel has not anticipated a future development in the law is not sufficient" to show a lack of competence, *State v. Savage*, 1992-NMCA-126, ¶ 18, 115 N.M. 250, 849 P.2d 1073. Indeed, "[t]he adequacy of counsel's performance must be determined by the law in effect at the time of trial." *Savage*, 1992-NMCA-126, ¶ 18 (alteration, internal quotation marks, and citation omitted). We therefore conclude that Defendant

4

has not established that his counsel's performance was deficient for failing to spot and raise a novel legal argument that may or may not have been meritorious. *See State v. Sanchez*, 1982-NMCA-155, ¶ 10, 98 N.M. 781, 652 P.2d 1232 ("Failure to file a non-meritorious motion cannot be declared ineffective assistance." (internal quotation marks omitted)). Because the issue Defendant seeks to add is not viable, we deny his motion to amend. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable).

{8}     Next, Defendant seeks to amend his docketing statement to argue that his trial counsel was ineffective for failing to cross-examine Officer Downs about inconsistencies that existed between his testimony at trial and the contents of his police report. [MIO 13] Specifically, Defendant points out that the criminal complaint and affidavit in support of the arrest warrant contains statements indicating that the second controlled buy was coordinated directly by Officer Downs via text with Defendant; however, at trial, Officer Downs testified that he never communicated directly with Defendant, and that the CI set up the controlled buys. [MIO 13–14] Defendant argues that the failure to highlight inconsistencies between the testimony at trial and the written reports impacted the ability of the jury to give the appropriate weight to Officer Downs' credibility as a witness, and constitutes ineffective

assistance of counsel. [MIO 13–14] We disagree. Defendant has failed to demonstrate how his counsel's failure to point out these inconsistencies prejudiced him in any cognizable manner; rather, Defendant's claim that the jury may have weighed Officer Downs' testimony less heavily if the inconsistencies had been noted is hypothetical. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 (stating that "[a]n assertion of prejudice is not a showing of prejudice."). Again, because the issue Defendant seeks to add is not viable, we deny his motion to amend. *See Sommer*, 1994-NMCA-070, ¶ 11.

{9}   We next address Defendant's continued contention that trial counsel was ineffective for failing to develop an entrapment defense by thoroughly investigating the case to identify helpful defense witnesses, including the CI. [MIO 14] We remain unpersuaded. Our notice observed that trial counsel's decision to not move to reveal the identity of the CI could have been a tactical one, [CN 3] and even if not, Defendant failed to establish the element of prejudice. [CN 4] With respect to prejudice, our notice observed that the record before us contains nothing to suggest how a motion to disclose the CI's identity would have been successful and that the CI's testimony would have ultimately changed the outcome of the proceedings. [CN 4]

{10}   In his memorandum in opposition, Defendant points out that trial counsel

admitted on record that his decision not to move to reveal the identity of the CI did not involve trial tactics. [MIO 15; 1 RP 130] In response to this Court's notice, some of the factual information provided by counsel is attributed to conversations with Defendant, and counsel has not indicated whether these facts were actually before the district court. [MIO 15–16] Specifically, Defendant asserts that the only reason he provided drugs to Officer Downs was because the CI was his employer, had arranged the sales, and instructed Defendant, as her employee, to sell to Officer Downs. [MIO 15–16] We note that unlike trial counsel, a Defendant is not an officer of the court and is not bound by a duty of candor toward the tribunal. Additionally, Defendant has not shown that these facts were before the district court. The record reflects that when trial counsel stated that the decision not to move to reveal the CI's identity was not tactical, trial counsel also stated that he was "not going into any details." [1 RP 130] Further, Defendant's memorandum in opposition does not respond to our notice by showing how Defendant was prejudiced. To the extent Defendant argues that trial counsel failed to entirely investigate whether the CI, as Defendant's boss, utilized undue persuasion or enticement to force Defendant to sell to Officer Downs, the record before us is insufficient for us to address on direct appeal whether there is any merit to Defendant's ineffective assistance claim. *See State v. Arrendondo*, 2012-NMSC-013, ¶ 44, 278 P.3d 517 (declining to review an ineffective assistance claim on direct

appeal, without prejudice to a defendant's right to make an adequate record and seek relief in the context of a post-conviction habeas corpus proceeding).

{11}     Fourth, Defendant seeks to amend the docketing statement to argue that trial counsel was ineffective for failing to communicate with Defendant about the case, including trial strategy. [MIO 18] Again, some of the factual information provided by counsel in the memorandum in opposition is attributed to conversations with Defendant, and counsel has not indicated whether these facts were actually before the district court. [MIO 18] The facts are insufficiently developed for us, on direct appeal, to conclude that there is any merit in Defendant's ineffective assistance claim. *See Arrendondo*, 2012-NMSC-013, ¶ 44. We therefore deny Defendant's motion to amend. *See Sommer*, 1994-NMCA-070, ¶ 11.

**Sufficiency of the Evidence**

{12}     Defendant continues to challenge the sufficiency of the evidence to support his convictions. [MIO 20] Our notice observed that testimony was presented that the CI invited Defendant to come to a house and bring some "energy," a known term referring to methamphetamine. [DS 2; CN 7] On April 4, 2014, Defendant arrived at the house and removed a plastic bundle with a white powdery substance from his crotch area and offered it to Officer Downs. [DS 2; CN 7; MIO 3] Defendant placed the substance into baggies and showed them to Officer Downs, and Officer Downs

8

gave Defendant cash in exchange for the baggies. [DS 2–3; CN 7] The memorandum in opposition clarifies that on April 17, the CI (as opposed to Officer Downs) arranged a second controlled buy, at Defendant's house, where Defendant gave Officer Downs methamphetamine in exchange for cash. [MIO 3–4] Our notice proposed to conclude that this evidence was sufficient to establish Defendant's guilt. [CN 8]

{13} In response, Defendant's memorandum in opposition argues that the evidence was insufficient because the controlled buys were not made using marked cash, and there was no fingerprint evidence to link the bags of methamphetamine purchased by Officer Downs to Defendant. [MIO 21] Defendant argues that only Officer Downs' testimony and the audio recording of the April 17 controlled buy was insufficient to establish his guilt, as it required "the jury to make too many inferential leaps based on circumstantial evidence and to trust the testimony of a single police officer." [MIO 21–22] We remain unpersuaded. The testimony of a single officer can provide sufficient support for a trafficking conviction, *see generally State v. Rael*, 1999-NMCA-068, ¶ 27, 127 N.M. 347, 981 P.2d 280 (holding that an undercover agent's testimony that he purchased heroin from the defendant provided sufficient support for a conviction for trafficking), and our case law provides that circumstantial evidence can provide sufficient basis to support a conviction. *See State v. Durant*, 2000-NMCA-066, ¶ 15, 129 N.M. 345, 7 P.3d 495 ("Intent can rarely be proved

9

directly and often is proved by circumstantial evidence."); *State v. Chandler*, 1995-NMCA-033, ¶ 15, 119 N.M. 727, 895 P.2d 249 (holding that circumstantial evidence may support conviction if that evidence provides a sufficient basis for a fact-finder to infer guilt beyond reasonable doubt). We therefore affirm.

**Judicial Bias**

{14} Defendant seeks to amend his docketing statement to add the issue that the district court demonstrated that it was not a neutral arbiter when it issued an order of commitment prior to trial and when it decided to run Defendant's sentences consecutively. [MIO 22] The memorandum in opposition notes that Defendant told appellate counsel that the district court handed him a signed "order of commitment" before trial. [MIO 22] As we have explained above, Defendant, unlike trial counsel, is not an officer of the court and is not bound by a duty of candor toward the tribunal.

{15} To the extent Defendant argues that the district court was biased against him when it rescheduled multiple sentencing hearings and ordered him to serve his sentences consecutively as opposed to concurrently, [MIO 22–23] we disagree. *See State v. Ahasteen*, 1998-NMCA-158, ¶ 28, 126 N.M. 238, 968 P.2d 328 (observing that the authority of the district court to control its docket encompasses the power to "supervise and control the movement of all cases on its docket from the time of filing through final disposition" (internal quotation marks and citations omitted)), *abrogated*

10

*on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20; *State v. Lopez*, 1983-NMCA-045, ¶ 4, 99 N.M. 612, 661 P.2d 890 ("The trial court has the discretion to order that sentences for different offenses be served concurrently or consecutively."). Because we conclude that the issue Defendant seeks to add is not viable, we deny his motion to amend. *See Sommer*, 1994-NMCA-070, ¶ 11.

**{16}** For the foregoing reasons, we deny Defendant's motion to amend the docketing statement. With respect to the issues originally raised in Defendant's docketing statement, we affirm for the reasons stated above and in our notice of proposed disposition.

**{17}** **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**